# PRICE *v.* UNITED STATES AND OSAGE INDIANS.

## APPEAL FROM THE COURT OF CLAIMS.

No. 247. Argued April 19, 1899. — Decided May 15, 1899.

Under the act of March 3, 1891, c. 538, giving the Court of Claims jurisdiction over claims for property of citizens of the United States taken or destroyed by Indians no jurisdiction is given to the court over a claim for merely consequential damages resulting to the owner of property so taken by reason of the taking but not directly caused by the Indians.

This case came on appeal from the Court of Claims. The matter of dispute is disclosed by the second and fourth findings of the court, which are as follows:

Second. "On the 26th day of June, 1847, near the Arkansas River, on the route from western Missouri to Santa Fé, at a place in what is now the State of Kansas, Indians belonging to the Osage tribe took and drove away 32 head of oxen, the property of said decedent, which at the time and place of tak-

ing were reasonably worth the sum of four hundred dollars ($400).

"At the time said oxen were taken they were being used by said decedent in the transportation of goods along the route aforesaid, and in consequence of such taking decedent was compelled to abandon the trip and to sell his portion of said goods and four (4) wagons belonging to him for the sum of one thousand two hundred dollars ($1200).

"The goods and wagons of said decedent at the time of the depredation were reasonably worth the sum of seven thousand six hundred dollars ($7600).

"Said property was taken as aforesaid without just cause or provocation on the part of the owner or his agent in charge and has not been returned or paid for."

Fourth. "A claim for the property so taken was presented to the Interior Department in June, 1872, and evidence was filed in support thereof."

Judgment in that court was entered for $400, (33 C. Cl. 106,) to review which judgment the petitioner appealed.

*Mr. John Goode* for appellant. *Mr. F. N. Judson* was on his brief.

*Mr. Frank B. Crosthwaite* for appellees. *Mr. Assistant Attorney General Thompson* was on his brief.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The fourth finding simply shows that a claim was presented to the Interior Department and evidence filed in support thereof. The petition alleges not merely the fact of the presentation of the claim and of the filing of evidence to sustain it, but also an award by the Secretary of the amount of $6800, a sum covering both the value of the property taken by the Indians and the consequential damages resulting therefrom. A demurrer by the defendants having been overruled, a traverse was filed, denying all the allegations of the petition.

Taking the pleadings with the findings we might justly assume that there had never been any award by the Secretary of the Interior, but only a presentation of a claim and evidence in support thereof; but we notice that the Court of Claims speaks of the award as though it was a fact found. We feel, therefore, constrained to consider the case on that basis.

The conclusions of the Secretary, both as to liability and amount, were placed before the court for consideration by the election of the defendants to reopen the case. This election opened the whole case. *Leighton* v. *United States,* 161 U. S. 291.

The liability of the defendants is not disputed. The single question presented is as to the amount which may be recovered. The value of the property taken was awarded, and the only question is whether the plaintiff was entitled, not merely to the value of that property, but also to the damages to other property which resulted as a consequence of the taking. The property which was not taken or destroyed, which remained in the possession of the plaintiff's intestate, which he could do with as he pleased, the title and possession of which were not disturbed, was, as the findings show, reasonably worth $7600. Because out in the unoccupied territory in which the taking of the oxen took place there was no market, and because he had no means of transporting the property not taken to a convenient market, he was subject to the whim or caprice of a passing traveller, and sold it to him for $1200. The loss thereby entailed upon him he claims to recover under the provisions of the statute of March 3, 1891, c. 538, 26 Stat. 851.

The right of the plaintiff to recover is a purely statutory right. The jurisdiction of the Court of Claims cannot be enlarged by implication. It matters not what may seem to this court equitable, or what obligation we may deem ought to be assumed by the Government, or the Indian tribe, whose members were guilty of this depredation, we cannot go beyond the language of the statute and impose a liability which the Government has not declared its willingness to assume. It is useless to cite all the authorities, for they are many, upon the proposition. It is an axiom of our jurisprudence. The Gov-

ernment is not liable to suit unless it consents thereto, and its liability in suit cannot be extended beyond the plain language of the statute authorizing it. See, among other cases, *Schillinger* v. *United States*, 155 U. S. 163, 166, in which this court said: "The United States cannot be sued in their courts without their consent, and in granting such consent Congress has an absolute discretion to specify the cases and contingencies in which the liability of the government is submitted to the courts for judicial determination. Beyond the letter of such consent the courts may not go, no matter how beneficial they may deem or in fact might be their possession of a larger jurisdiction over the liabilities of the government."

Now the jurisdiction given by the act of 1891 to the Court of Claims is over "all claims for property of citizens of the United States taken or destroyed by Indians," etc. So far as any property was taken or destroyed by the Indians the judgment of the Court of Claims awards full compensation therefor, and no question is made as to the judgment in that respect. The single contention of the plaintiff is that because of the taking of certain property the value of other property not taken or destroyed was, under the conditions surrounding the petitioner and such property, diminished. This diminution in value did not arise because of any change in its quality or condition, but simply because the petitioner left in possession of that property was, in consequence of the taking away of the means of transportation, unable to carry it to a place where its full value could be realized. In other words, the damages which he thus claims do not consist in the value of property taken or destroyed, but are those which flow in consequence of the taking to property which is neither taken nor destroyed. In brief, he asks consequential damages. Now, as we have said, we are not at liberty to consider whether there may not be some equitable claim against the Government or the Indians for such consequential damages. We are limited to the statutory description of the obligations which the Government is willing to assume and which it has submitted to the Court of Claims for determination. We may not enter into the wide question of how far an individual taking or destroying prop-

erty belonging to another. may be liable for all the damages which are consequential upon such injury or destruction. If Congress had seen fit to open the doors of the court to an inquiry into these matters doubtless many questions of difficulty might arise, but as it has only declared its willingness to subject the Government to liability for property taken or destroyed we may not go beyond that and adjudge a liability not based upon the taking or destruction of property, but resulting from the destruction or taking of certain property to other property not taken or destroyed. Questions, such as arose in *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166, as to the scope of constitutional limitations upon the right to take property without full compensation, are not pertinent to the present inquiry ; for while if the court had free hand and could adjudge a liability upon the Government commensurate to the wrong done, one conclusion might follow therefrom ; yet we are limited by the other fact that the liability of the Government to suit is a matter resting in its discretion, and cannot be enlarged beyond the terms of the act permitting it. Consequential damages to property not taken or destroyed are not within the scope of the act authorizing recovery for damages to property taken or destroyed.

We have thus far considered the case as though it were one *de novo* and in no way affected by prior proceedings in the Interior Department. As heretofore indicated, notwithstanding the limited scope of the findings, we think we ought in view of the opinion of the Court of Claims to consider the case in the attitude of one for which an award had been made by the Secretary of the Interior; that award including not merely damages for the property taken and destroyed but also what, as we have shown, were merely consequential damages. Here we are met by the contention of the plaintiff that larger jurisdiction is given to the Court of Claims in respect to matters thus determined by the Secretary of the Interior. Beyond the general jurisdiction given to the extent heretofore indicated by the quotation from the statute is this, expressed in the subsequent part of the same section :

" Second. Such jurisdiction shall also extend to all cases

which have been examined and allowed by the Interior Department and also to such cases as were authorized to be examined under the act of Congress making appropriations for the current and contingent expenses of the Indian Department, and for fulfilling treaty stipulations with various Indian tribes for the year ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and under subsequent acts, subject, however, to the limitations hereinafter provided."

It is contended that in cases coming under this clause the Court of Claims may award all damages which the Secretary of the Interior has or might have given to the petitioner. Conceding for the purpose of the argument that this contention is justified, we cannot see that therefrom any new measure of liability is established, or, at least, none that will avail this petitioner. The act of March 3, 1885, c. 341, 23 Stat., 376, which provided for the investigation by the Interior Department of claims on account of Indian depredations, and under which it is alleged that the Secretary acted in making his award, authorized the Secretary "to determine the kind and value of all property damaged or destroyed by reason of the depredations aforesaid." The contention is that the terms "damaged" or "destroyed" enlarge the scope of the liability assumed by the Government. We are unable to perceive that this is of any significance in this case. The property left in the possession of the petitioner was neither damaged nor destroyed by the action of the Indians in taking away the other property. Its inherent intrinsic value was in no manner disturbed. The damages were not to the property, considered as property, but simply consequential from the wrong done, and consisted solely in the fact that the petitioner, wronged by the taking away of certain property, was unable to realize the real value of property not taken, damaged or destroyed. Nothing was done by the Indians to disturb the intrinsic value of the property left in possession of the petitioner. It remained his with full right of control and disposition, in no manner

marred or changed in value, and the sum of the injury results only from the fact that he could not remove it to a suitable market. The property, in itself considered, was neither taken, damaged nor destroyed. The only result was that his ability to make use of that value was taken away because his means of transportation were destroyed. The damages were, therefore, consequential, and not to the property itself. We do not perceive how, under the statute, the liability of the Government was enlarged by this fact.

The judgment of the Court of Claims is, therefore,

*Affirmed.*

MR. JUSTICE WHITE, MR. JUSTICE PECKHAM and MR. JUSTICE McKENNA dissented.