**FLINT RIVER & N. E. R. CO. v. MELLON, Director General of Railroads, etc.**

Court of Appeals of District of Columbia.

Submitted December 5, 1927. Decided February 6, 1928.

No. 4570.

1. **Railroads** ⬅5½(23)—**Actions under Transportation Act must be brought against presidential agent (Transportation Act 1920 [49 USCA § 71 et seq.]).**

Actions which may be brought under Transportation Act 1920 (49 USCA § 71 et seq. [Comp. St. § 10071¼ et seq.]) must be brought against the agent designated by the President.

2. **United States** ⬅125(2)—**Actions under Transportation Act against presidential agent are in legal effect against United States (Transportation Act 1920 [49 USCA § 71 et seq.]).**

Actions under Transportation Act 1920 (49 USCA § 71 et seq. [Comp. St. § 10071¼ et seq.]) against the agent designated by the President, are in legal effect against the United States.

3. **United States** ⬅125(1)—**Congressional consent is essential to sue United States.**

The consent of Congress is essential to the right to maintain a suit against the United States.

4. **United States** ⬅125(1)—**Statute authorizing suit against United States must be strictly followed.**

The letter of the statute conferring the right to sue the United States must be strictly followed.

5. **Railroads** ⬅5½(20)—**Presidential agent can be sued only under statute creating office (Transportation Act 1920, § 206 [49 USCA § 74]).**

The agent for the President of the United States cannot be sued as such, except under provisions of Transportation Act 1920, § 206

(49 USCA § 74 [Comp. St. § 10071¼cc]), creating the office of such agent.

**6. Railroads** ⊚⟞5½;(20)—**Suit against presidential agent to reform contract with Director General, so as to permit reimbursement of deficits during federal control, held not proceeding.· beyond restrictions of Transportation Act, to correct administrative act (Federal Control Act [Comp. St. §§ 3115¾a–3115¾p]; Transportation Act 1920, §§ 204, 206 [49 USCA §§ 73, 74]).**

Suit by railroad company against presidential agent to modify or reform contract of Director General, appointed under President's proclamation (40 Stat. 1733), to make specified division of rates, etc., on condition that railroad company accept terms of Federal Control Act (Comp. St. §§ 3115¾a–3115¾p), so as to permit reimbursement of deficits during federal control under Transportation Act 1920, § 204 (49 USCA § 73 [Comp. St. § 10071¼bbb]), *held* not a proceeding to correct administrative act of Director General by analogy to suit to enjoin administrative official from doing ultra vires or illegal act, or mandamus to require him to conform to statutory mandate, so as to avoid restrictions of section 206 (49 USCA § 74 [Comp. St. § 10071¼cc]), as to causes of action against such agent.

**7. Railroads** ⊚⟞5½;(20)—**No action, not specifically authorized by statute, lies against purely administrative officer, such as presidential agent, for equitable reformation of contract to which United States 'is party (Transportation Act 1920, § 206 [49 USCA § 74]).**

In absence of specific statutory authority, no action will lie against a purely administrative officer, such as presidential agent, provided for by Transportation Act 1920, § 206 (49 USCA § 74 [Comp. St. § 10071¼cc]), to enforce an equitable reformation of a contract to which the United States is a party.

**8. Railroads** ⊚⟞5½;(20)—**Petition to reform contract with Director General, so as to permit reimbursement of deficits during federal control, must be denied, because of remedy under Federal Control Act (Transportation Act 1920, § 204 [49 USCA § 73]; Federal Control Act, § 3 [Comp. St. § 3115¾c]).·**

Railroad company's petition for reformation of contract with Director General of Railroads, appointed under President's proclamation (40 Stat. 1733), so as to permit reimbursement of deficits during federal control, under Transportation Act 1920, § 204 (49 USCA § 73 [Comp. St. § 10071¼bbb]), must be denied in view of provision for remedy under Federal Control Act, § 3 (Comp. St. § 3115¾c), through board of referees and Court of Claims, in event of adverse finding by Interstate Commerce Commission.

Appeal from the Supreme Court of the District of Columbia.

Suit by the Flint River & Northeastern Railroad Company against A. W. Mellon, Director General of Railroads, as Agent for the President of the United States. From a decree of. dismissal, plaintiff appeals. Affirmed.

M. C. Elliott, and G. H. Parker, both of Washington, D. C., for appellant.

A. M. Bull, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, plaintiff below, filed a bill in equity in the Supreme Court of the District of Columbia, praying for the modification or reformation of a contract entered into by the parties to this suit, which plaintiff claims was executed under mutual mistakes of law and fact. From a decree dismissing plaintiff's bill, the case comes here on appeal.

It appears that the President of the United States took over by proclamation the operation of certain of the railroad systems of the country on December 27, 1917. A Director General was appointed to operate the railroads under government . control. 40 Stat. 1733. By the Act of Congress of March 21, 1918, 40 Stat. 451 (Comp. St. §§ 3115¾a–3115¾p), known as the Federal Control Act, provision was made for compensation of the railway companies for the use of their properties. By section 204 of the Act of February 28, 1920, 41 Stat. 456, known as the Transportation Act (49 USCA § 73 [Comp. St. § 10071¼bbb]), provision was made for reimbursement of deficits during federal control of 'railroads which had not been in fact operated by the government. The act provided, however, that these computations should be made by the Interstate Commerce Commission upon application of the railway companies.

Pursuant to the authority vested in him, the Director General of Railroads, "acting on behalf of the United States and the President," entered into the contract here in question with plaintiff, dated May 7, 1919. This contract is similar to the contracts entered into with various short line companies over which the control was relinquished on June 29, 1918, and which were no longer entitled to compensation under the Federal Control Act. The Director General, in brief, contracted with these companies to make a specified division of rates, fares, and charges for services performed and to make an equitable allotment of cars. As a condition of entering into the contract, it was provided that "the company accepts the terms and conditions of said Federal Control Act, and the terms of this agreement, and expressly ac-

cepts 'the covenants and obligations of the Director General in this agreement set out, and the rights arising thereunder, in full adjustment, settlement, satisfaction, and discharge of any and all claims and rights, at law or in equity, which it now has or hereafter can have against the United States, the President, the Director General, or any agent or agency thereof, by virtue of anything done or omitted, pursuant to the acts of Congress herein referred to."

The following provision also appears in the contract: "In view of the foregoing covenants and agreement, and such thereto, the order of relinquishment issued on the 29th day of June, 1918, is hereby rescinded and set aside as of the date when the same was issued; and the said railroad and the properties herein described are hereby brought fully within the terms and under the control of the said Federal Control Act, the same in all respects as if the said order of relinquishment had not been issued. This contract shall become and be effective as of April 1, 1918, with the same effect as if it had been executed and delivered on said date."

Plaintiff applied to the Interstate Commerce Commission for reimbursement under section 204 of the Transportation Act. The Commission in effect held that during the first six months of 1918, plaintiff's railroad was under federal control, and as such was not entitled to any reimbursement for that time, but issued a certificate to the Secretary of the Treasury covering the remaining period. Deficit Settlement with Flint River & Northeastern R. R., 82 Interst. Com. Com'n R. 387. In the present suit, plaintiff asks that the contract "be rescinded, or be construed, and so far as may be necessary modified or reformed, so as to express the intention of the parties." The contract, it is urged, because of mutual mistakes of law and fact, has operated to prevent the plaintiff from securing compensation to which it claims it is entitled under the Federal Control Act, and also to prevent reimbursement under section 204 of the Transportation Act. This would involve necessarily a determination of the question as to whether or not plaintiff's railroad was privately operated or was under federal control during the first half of the year 1918. It is apparent that the case was disposed of in the court below upon the question of jurisdiction, to which the motion of defendant to dismiss the bill was chiefly directed.

[1-4] It is settled law that actions which may be brought under the Transportation Act must be brought against the agent designated by the President, and that such actions are in legal effect against the United States. Dupont De Nemours & Co. v. Davis, 264 U. S. 456, 462, 44 S. Ct. 364, 68 L. Ed. 788. It is also true that the consent of Congress is essential to the right to maintain a suit against the United States, and the letter of the statute conferring that right must be strictly followed. Price v. United States, 174 U. S. 373, 375, 19 S. Ct. 765, 43 L. Ed. 1011; United States ex rel. Rauch v. Davis, 56 App. D. C. 46, 8 F.(2d) 907.

[5] The defendant in the present case, and the person summoned, is "A. W. Mellon, Director General of Railroads, as Agent for the President of the United States." The office of agent is created by section 206 of the Transportation Act (49 USCA § 74 [Comp. St. § 10071¼cc]), and it follows that the agent cannot be sued as such, except under the provisions of that section. Section 206 provides: "Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose." The record discloses, however, that plaintiff disclaimed in the court below that this suit was brought under section 206 of the Transportation Act. This of itself is sufficient to dispose of the question of jurisdiction, since only under that section can suit be brought against the agent of the President.

[6, 7] Counsel for plaintiff, in their brief, seek to avoid the restrictions of the above statute on the theory that this "is a proceeding to correct an administrative act of the Director General, acting as agent for the President, made under mistakes of fact and law. It is somewhat similar in character to a suit to enjoin an administrative official from doing an ultra vires or illegal act, or a suit to mandamus an administrative official to require him to conform to some statutory mandate." But we think this analogy is incorrect, since it is not here sought to restrain the Director General, as agent, from performing an illegal act, nor is it sought to require him to conform to a statutory mandate. If the right to sue the agent was not exclusively limited to the specific causes of

action stated in section 206 of the Transportation Act, we know of no instance where action would lie against a purely administrative officer, in the absence of specific statutory authority, to enforce an equitable reformation of a contract to which the United States is a party.

[8] But a more substantial reason for denying plaintiff's petition is found in section 204 of the Transportation Act, under which plaintiff may secure reimbursement, and, in the event of an adverse finding by the Interstate Commerce Commission, a remedy is provided under the Federal Control Act (40 Stat. 454 [Comp. St. § 3115¾c]), through the board of referees and the Court of Claims. The mere fact that the Director General refuses to recognize plaintiff as entitled to the benefits of the Federal Control Act, on the ground that its railway was not operated by him, and the Interstate Commerce Commission refuses to recognize its claims on the ground that its railway was privately operated during the federal control period, present matters subject to adjudication in a proceeding under the Federal Control Act.

The decree is affirmed, with costs.

Submitted December 5, 1927. Decided February 6, 1928.

M. C. Elliott and G. H. Parker, both of Washington, D. C., for appellant.

A. M. Bull, of Washington, D. C., for appellee.

