## UNITED STATES v. ALBERTY.
### No. 741.

Circuit Court of Appeals, Tenth Circuit.
March 27, 1933.

Lawrence A. Lawlor, Atty., Veterans' Administration, of Washington, D. C. (John M. Goldesberry, U. S. Atty., and A. E. Williams, Asst. U. S. Atty., both of Tulsa, Okl., and David G. Arnold, Atty., Veterans' Administration, of Washington, D. C., on the brief), for the United States.

R. A. Wilkerson, of Pryor, Okl. (Ernest R. Brown, of Pryor, Okl., on the brief), for appellees.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This action was brought by William T. Alberty to recover on a policy of war risk insurance. Trial by jury was waived and the case tried to the court.

In the original petition it is alleged that Alberty was inducted into the Army on September 22, 1917, and honorably discharged on June 22, 1919; that shortly after entering the Army he applied for and was granted a policy of war risk insurance; that while said insurance contract was in full force and effect he became totally and permanently disabled. As evidence of disagreement, there was attached to the petition a letter

from the Veterans' Bureau, dated October 9, 1930, to Alberty's attorneys, Wilkerson & Brown. This letter in part reads as follows:

"Re: Alberty, William T.

"C-349-479.

"This is in further reference to claim for benefits of insurance, filed in the above captioned case.

"After careful review and consideration it has been determined that for insurance purposes, permanent and total disability is not shown by the evidence to have existed from the date of his discharge from service. Under the above decision, therefore, the benefits must be claimed by the United States Veterans' Bureau.

"This letter is accordingly evidence of a disagreement under Section 19 of the World War Veterans' Act 1924 as amended."

At the trial, the evidence developed that when Alberty was discharged from the Army he had pains in his back and legs; that he tried to work but was unable to do so; that on September 30, 1919, he became totally paralyzed in his right leg. Proof also established that during the months of August and September there was unpaid compensation coming to Alberty, sufficient to pay the premiums on the policy.

At the close of the evidence, an amended petition was filed to conform with the evidence introduced. The Government's motion to dismiss the amended petition was overruled.

In the amended petition it is alleged that, even though Alberty was not totally and permanently disabled at the time of his discharge, he became totally and permanently disabled on September 30, 1919; that he was given a disability rating of ten per cent by the Veterans' Bureau beginning on the date of his discharge, and said rating continued until December 30, 1919; that under such rating Alberty was entitled to compensation in the sum of $8.00 a month, which was unpaid on September 30, 1919; that said rate of $8.00 a month was sufficient to pay the premiums on his insurance, and therefore the insurance had not lapsed for non-payment of premiums at the time he became totally and permanently disabled.

The court found that Alberty was allowed compensation at the rate of $8.00 a month from the date of his discharge, June 22, 1919, through September 30, 1919; that said compensation, which was sufficient to pay the premiums and keep the policy in force for said period, was unpaid on the latter date; and that Alberty became totally and permanently disabled on September 30, 1919. Judgment was thereupon entered for Alberty.

The Government contends that no disagreement existed between it and Alberty, and for that reason the court was without jurisdiction to enter judgment on the amended petition.

Suits can only be instituted against the United States with its consent. The United States through Congress may decide how, when, and where it wishes to be sued, and may open or close its judicial tribunals to claims against it as and when Congress elects. Illinois Central R. R. Co. v. Public Utilities Commission, 245 U. S. 493, 38 S. Ct. 170, 62 L. Ed. 425; Reid v. United States, 211 U. S. 529, 29 S. Ct. 171, 53 L. Ed. 313; Price v. United States, 174 U. S. 373, 19 S. Ct. 765, 43 L. Ed. 1011; Finn v. United States, 123 U. S. 227, 8 S. Ct. 82, 31 L. Ed. 128. Consent to sue on war risk insurance contracts is contained in section 19 of the World War Veterans' Act 1924, as amended by Act March 4, 1925, § 2 (43 Stat. 1302 [38 US CA § 445]), which provides:

"In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States. * * *"

It necessarily follows that, before a suit on a war risk insurance policy may be instituted, a claim must be made to the Veterans' Bureau, and that claim must have been denied. Berntsen v. United States (C. C. A. 9) 41 F.(2d) 663; Mara v. United States (D. C. N. Y.) 54 F.(2d) 397; Straw v. United States (C. C. A. 9) 62 F.(2d) 757.

The act, as amended by Act July 3, 1930, § 4 (38 USCA § 445), provides:

"The term 'claim' as used in the section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

The act, when considered in the light of this amendment, admits of a liberal construction and refutes the idea of any inflexible rule for measurement in all cases. Straw v. United States, supra. The question of disagree-

ment must necessarily be determined from the facts in each case.

The Government does not dispute the finding that there was sufficient unpaid compensation to pay the insurance premiums through September 30, 1919. It follows that the insurance was in full force and effect on that date. United States v. Hendrickson (C. C. A. 10) 53 F.(2d) 797.

The question then is, does the bureau's letter of October 9, 1930, constitute a denial of a claim of benefits for total and permanent disability from September 30, 1919.

The claim of total and permanent disability from and after June 22, 1919, asserted a permanent condition, and therefore necessarily was a claim of total and permanent disability on the later date of September 30, 1919. Since the policy was in full force and effect on the latter date, as shown by the records of the Veterans' Bureau when it passed on the claim, the denial of the claim was a denial of total and permanent disability on the latter date and of the right to benefits from that date. Straw v. United States, supra; United States v. Kerr (C. C. A. 9) 61 F.(2d) 800. We therefore conclude that a disagreement existed.

The Government further contends that the court erred in entering judgment for Alberty, since there was no substantial evidence introduced showing that he was totally and permanently disabled on September 30, 1919. The Government interposed a motion for a directed verdict at the close of plaintiff's evidence. The motion was overruled, and the Government then put on its case. The motion was not renewed at the close of all the evidence. It is well settled that the overruling of a motion for a directed verdict or nonsuit at the close of plaintiff's case is waived if the defendant afterwards introduces evidence in his own behalf. Bell v. Union Pacific R. R. Co. (C. C. A. 8) 194 F. 366; Bogk v. Gassert, 149 U. S. 17, 13 S. Ct. 738, 37 L. Ed. 631; Concordia Fire Ins. Co. v. Commercial Bank (C. C. A. 8) 39 F.(2d) 826; Bank Sav. Life Ins. Co. v. Butler (C. C. A. 8) 38 F.(2d) 972; Picard v. Smith, 59 D. C. App. 291, 40 F.(2d) 803. It follows that the sufficiency of the evidence to support the judgment was not presented to the trial court by appropriate motion for judgment or for a declaration of law, and is therefore not open to review here. White v. United States (C. C. A. 10) 48 F.(2d) 178, and cases there cited.

The judgment is affirmed.