### INTEGRITY TRUST CO. v. UNITED STATES.

### No. 4388.

District Court, D. New Jersey.

May 25, 1933.

French, Richards & Bradley, of Camden, N. J., for complainant.

Harlan Besson, U. S. Atty., of Hoboken, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J.

AVIS, District Judge.

This case is before the court on final hearing, on bill and answer.

By the allegations of the bill, it appears that complainant was the owner of a mortgage, against certain property in this district, said mortgage being given by Anthony M. Ruffo, Jr., and wife. It further appears that this mortgage was foreclosed in the Court of Chancery of New Jersey, in which case the government was not a defendant, and the instant bill was filed to dispose of an internal revenue lien filed on behalf of the government, and subsequent to the lien of complainant-mortgagee.

The bill prays for a strict foreclosure, and counsel for complainant insists that such relief is authorized by the provisions of the Act of Congress of March 4, 1931, c. 515, 46 Stat. 1529 (28 USCA §§ 901–906).

So far as I am able to discover, there are only two statutes covering the question of removal of government liens.

The first statute adopted is known as R. S. § 3207, as amended by Act of February 26, 1926, c. 27, § 1127, 44 Stat. 123 (26 USCA § 136). This section in its original form provided for a sale of the real estate, and was an Act of July 20, 1868 (section 106 [15 Stat. 167]).

This statute provides a method for the enforcement of liens on real estate by bill to be filed by the Commissioner of Internal Revenue, and further provides that, in case of failure of the Commissioner to commence action: "Any person having a lien upon or any interest in such real estate, notice of which has been duly filed of record in the jurisdiction in which the real estate is located, prior to the filing of notice of the lien of the United States as provided by section 115 of this title, or any person purchasing the real estate at a sale to satisfy such prior lien or interest, may make written request to the Commissioner of Internal Revenue to direct the filing of a bill in chancery as provided in subdivision (a). * * *" 26 USCA § 136.

The act then states a method of procedure, requiring certain notices to the Commissioner, and further: "Upon the filing of such bill the district court shall proceed to adjudicate the matters involved therein, in the same manner as in the case of bills filed under subdivision (a) of this section." Id. § 136.

The act directs that, in the suit by the Commissioner, the District Court "in all cases where a claim or interest of the United States therein is established, shall decree a sale of such real estate, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the

parties and of the United States." Id. § 136.

In the case of Sherwood v. United States (D. C.) 5 F.(2d) 991, it was held that the lien of the United States could be removed only by sale of the premises by the marshal at public auction.

That case was decided in the District Court for the Eastern District of New York, and describes the method of sale and the distribution of the proceeds.

It appears that the District Court of the Western District of Louisiana, in the case of Oden v. United States, 33 F.(2d) 553, made a decree canceling the government's lien, in an equity suit praying for such cancellation, and where it appeared that there was no equity over and above the incumbrance against the real estate, prior in lien to that of the government; and that in the District Court of Texas, Northern District, Dallas Division, in Minnesota Mut. Life Ins. Co. v. United States, 47 F.(2d) 942, the court removed the cloud of the government lien without a sale, upon the reasoning that "manifestly a court of equity is not directed to do a useless and vain thing." Page 943 of 47 F.(2d).

■ The doctrine that the United States can only be sued with its consent is settled. See cases cited under chapter 19 (28 USCA § 901). I am unable to see how either of the above courts could make the decrees, in the face of the direct provisions of the statute requiring a sale of real estate and distribution of the proceeds of sale.

The court in the latter case relied upon statements in the case of In re Hawkins Mortg. Co. (C. C. A. 7) 45 F.(2d) 937, 940, in which case the United States was not a party, and the doctrine there expressed referred only to individual or corporate litigants.

In the case of Mansfield v. Excelsior Refinery Company, 135 U. S. 326, 10 S. Ct. 825, 830, 34 L. Ed. 162, the Supreme Court, in deciding a case involving a government lien, by way of dictum, said: "But in what mode may the government enforce its prior liens. In order to collect the taxes due from Hinds, the distiller, it might have instituted a suit in equity, to which not only the distiller, who had simply a leasehold interest, but all persons having liens upon, or claiming any interest in, the premises could be made parties; in which suit, it would have been the duty of the court to determine finally the merits of all claims to and liens upon the property, and to order a sale distributing the proceeds among the parties according to their respective interests." Page 339 of 135 U. S., 10 S. Ct. 825, 34 L. Ed. 162.

This statement was cited with approval in the case of Blacklock v. United States, 208 U. S. 75, 87, 28 S. Ct. 228, 52 L. Ed. 396.

Judge Inch in the Eastern District of New York, in the case of Fox v. Queens County Sales Co., Inc., 52 F.(2d) 794, follows the doctrine stated in the case of Sherwood v. United States (D. C.) 5 F.(2d) 991, supra.

The instant case is brought under the provisions of the Act of March 4, 1931, c. 515, 46 Stat. 1528 (28 USCA §§ 901–906).

There is nothing in this statute which permits a strict foreclosure of a mortgage under the circumstances attending this case. The first section of the act reads as follows: "Upon the conditions herein prescribed for the protection of the United States, the consent of the United States is given, to be named a party in any suit which is now pending or which may hereafter be brought in any United States district court, including those for the districts of Alaska, Hawaii, and Porto Rico, and the Supreme Court of the District of Columbia, and in any State court having jurisdiction of the subject matter, for the foreclosure of a mortgage or other lien upon real estate, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises involved." 28 USCA § 901.

The part of section 4 relative to the question now at issue reads as follows: "Except as herein otherwise provided, a judicial sale made in pursuance of a judgment in such a suit shall have the same effect respecting the discharge of the property from liens and encumbrances held by the United States as may be provided with respect to such matters by the law of the State, Territory, or District in which the land is situated, provided that a sale to satisfy a lien inferior to one of the United States shall be made subject to and without disturbing the lien of the United States, unless the United States, by its attorneys, consents that the property may be sold free of its mortgage or lien and the proceeds divided as the parties may be entitled." 28 USCA § 904.

It is apparent, after reading both statutes and the decisions thereunder, that no provision is made for strict foreclosure.

The question here involved is not as to what the common-law practice is, or what the practice may be, as determined by the

courts of New Jersey, but refers entirely to the consent Congress has given to sue the United States, and the terms and particulars of that consent.

The extent to which a litigant may go in a suit against the government is clearly defined in the case of Price v. United States and Osage Indians, 174 U. S. 373, 19 S. Ct. 765, 43 L. Ed. 1011: "The right of the plaintiff to recover is a purely statutory right. The jurisdiction of the court of claims cannot be enlarged by implication. It matters not what may seem to this court equitable, or what obligation we may deem ought to be assumed by the government, or the Indian tribe, whose members were guilty of this depredation, we cannot go beyond the language of the statute, and impose a liability which the government has not declared its willingness to assume. It is useless to cite all the authorities, for they are many, upon the proposition. It is an axiom of our jurisprudence. The government is not liable to suit unless it consents thereto, *and its liability in suit cannot be extended beyond the plain language of the statute authorizing it.*" (Italics mine.)    Pages 375, 376 of 174 U. S., 19 S. Ct. 765, 766, 43 L. Ed. 1011.

If Congress had intended to permit the courts to adjudicate the liens, and grant release where, in its discretion, it should decide there was no equity in the property which could be applied to the government lien, it would have said so. Not having done this, it is clear that no decree can be made, except it provide for the sale of the property in accordance with the terms of the statute.

A decree of strict foreclosure will be denied. Complainant may amend its bill of complaint, after which, under the pleadings, a decree for sale will be signed.