## WALTON v. UNITED STATES.
### No. 9861.

Circuit Court of Appeals, Eighth Circuit.
Oct. 8, 1934.

C. A. Wilson and E. B. Adams, both of Hot Springs, S. D., for appellant.

Fendall Marbury, Sp. Asst. Atty. Gen. (Olaf Eidem, U. S. Atty., of Brookings, S. D., Byron S. Payne, Asst. U. S. Atty., of Pierre, S. D., and E. D. Barron, Asst. U. S. Atty., of Sioux Falls, S. D., on the brief), for the United States.

Before BOOTH, Circuit Judge, and MUNGER and BELL, District Judges.

MUNGER, District Judge.

This was an action to recover against the United States upon a war risk insurance policy. From an order dismissing the action

because it was not brought within the time limited by the statute, the plaintiff appeals. The plaintiff enlisted in the United States Army on October 4, 1917, and was honorably discharged therefrom on June 7, 1919. During his period of military service he applied for and received a policy of war risk insurance in the sum of $10,000. The insurance premiums were paid upon this insurance to and including the month of June, 1919. On February 2, 1932, he filed his petition in this action alleging that he became totally and permanently disabled while the policy was in force, and because of such disablement he sought recovery upon the policy.

The pertinent provisions of the applicable statute (Act of July 3, 1930, c. 849, § 4, 38 U. S. Code § 445 [38 USCA § 445]) are as follows:

"In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. The procedure' in such suits shall be the same as that provided in sections 762 and 763 of Title 28, and section 765 of Title 28 so far as applicable. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director. Infants, insane persons or persons under other legal disability, or persons rated as incompetent or insane by the bureau shall have three years in which to bring suit after the removal of their disabilities. If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed. Judgments heretofore rendered against the person or persons claiming under the contract of war-risk insurance on the ground that the claim was barred by the statute of limitations shall not be a bar to the institution of another suit on the same claim. No State or other statute of limitations shall be applicable to suits filed under this section. * * *

"The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter."

The appellant presented his claim for recovery under the terms of his policy, to the United States Veterans' Bureau at Sioux Falls, S. D., on June 22, 1931. At that time he had eleven days remaining of the one year's time after July 3, 1930, granted to him by the statute, in which he might bring a suit. His claim was disallowed and notice of the disallowance was mailed to him on January 22, 1932. The exact date when the appellant received this notice does not appear, but the appellant concedes that he received it in two or three days after January 22, 1932. After his petition was filed, the appellant, on February 5, 1932, caused a copy of his petition to be sent by registered mail to the Attorney General of the United States and on February 8, 1932, a copy of the appellant's petition was served upon the United States Attorney for the district in which the action was brought. An affidavit was thereafter filed with the clerk of the court showing the fact of the mailing of the copy of the petition to the Attorney General and the fact of service of a copy of the petition upon the District Attorney. The appellant's petition was filed in the district court on the eleventh day after his claim was disallowed and upon the eighth or ninth day after he received notice of its disallowance. If the date of the filing of his petition was the date when his suit was "brought," then his action was begun within the prescribed time and the dismissal was wrongfully granted. The copy of the petition was mailed to the

Attorney General on the fourteenth day after the claim was disallowed and on the eleventh or twelfth day after the appellant had received notice of the disallowance. If the date when the copy was mailed to the Attorney General is the date when the suit was brought, then the suit may, or may not, have been brought within the prescribed time, depending upon whether the date of the disallowance or the date of the receipt of notice is to be used in making the computation. The copy of appellant's petition was served on the United States District Attorney on the seventeenth day after the disallowance of the appellant's claim and on the fourteenth or fifteenth day after notice of its disallowance had been received by the appellant. If the date of the service of the copy of appellant's petition upon the United States District Attorney is the date when appellant's suit was "brought," then the suit was not brought within the prescribed time and the action of the court was right in dismissing the appellant's petition. The appellant contends that his suit was brought at the time when his petition was filed with the clerk of the court, while the appellee's contention is that the suit was not brought until the date of the service of the copy of the petition upon the United States District Attorney.

In some of the state courts, an action is not regarded as brought until process has been issued in the action. 1 Corp. Jur. 1154, citing cases from fourteen states, 37 Corp. Jur. 1055. In other states, the action is not regarded as brought until a petition has been filed and process has been issued. 1 Corp. Jur. 1156, citing cases from ten states, 37 Corp. Jur. 1055. There is a rule prevailing in other states to the effect that the filing of the petition is the beginning of the suit. 1 Corp. Jur. 1155, citing cases from nine states. The decisions of the state courts usually depend upon the state statutes. The Act of Congress giving a right of suit upon insurance policies similar to that of the appellant directs that the procedure in such suits shall be the same as that provided in sections 762 and 763 of title 28 and section 765 of title 28 of the United States Code (28 USCA §§ 762, 763, 765), so far as applicable. These sections require that the plain-tiff shall file his petition with the clerk of the court and that the plaintiff shall cause a copy of his petition to be served upon the District Attorney of the United States in the district wherein the suit is brought and shall mail a copy of his petition by registered mail to the Attorney General of the United States.

When the United States consents to be sued, the procedure prescribed by Congress must be strictly followed in order to secure jurisdiction [Schillinger v. United States, 155 U. S. 163, 15 S. Ct. 85, 39 L. Ed. 108; Price v. United States & Osage Indians, 174 U. S. 373, 19 S. Ct. 765, 43 L. Ed. 1011; United States v. Turner (C. C. A.) 47 F.(2d) 86]; and this rule applies "where a particular method of serving process is pointed out by statute" [Amy v. Watertown, 130 U. S. 301, 9 S. Ct. 530, 536, 32 L. Ed. 946; Whalen Paper & Pulp Mills, Ltd., v. Davis, 53 App. D. C. 84, 288 F. 438; Reid Wrecking Co. v. United States (D. C.) 202 F. 314; National Casket Co. v. United States (D. C.) 263 F. 246; Creasy v. United States (D. C.) 4 F. Supp. 175]. There is no specific provision in these statutes as to the time when the copy of the petition filed is to be served upon the District Attorney or shall be mailed to the Attorney General of the United States; nor is there any express provision defining when such a suit is brought.

Whatever question there may be as to the time when a suit in equity is commenced in a District Court of the United States,[1] the time of the commencement of an action at law is determined by the law of the state, in the absence of any controlling Act of Congress. 28 U. S. Code, §§ 724, 725 (28 USCA §§ 724, 725); Ex parte Connaway, Receiver of Moscow National Bank, 178 U. S. 421, 20 S. Ct. 951, 44 L. Ed. 1134; Fearing v. Glenn (C. C. A.) 73 F. 116; International Bank & Trust Co. v. Scott (C. C. A.) 159 F. 58.

An action of this kind to recover for alleged permanent and total disability under war risk insurance is an action at law. Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401. Section 2329 of the Compiled Laws of South Dakota (1929) provides: "Civil actions in the circuit court of

---

[1] Armstrong Cork Co. v. Merchants' Refrigerating Co. (C. C. A.) 184 F. 199; Mound City Co. v. Castleman (C. C. A.) 187 F. 921; Humane Bit Co. v. Barnet (C. C.) 117 F. 316; Waldo v. Wilson (C. C. A.) 231 F. 655; United States v. American Lumber Co. (C. C.) 80 F. 309; United States v. American Lumber Co. (C. C. A.) 85 F. 827; United States v. Miller (C. C.) 164 F. 444; United States v. Smith (C. C.) 181 F. 545; Equitable Life Assur. Soc. of U. S. v. Schwartz (C. C. A.) 42 F.(2d) 646.

18

this state shall be commenced by the service of a summons." . Section 2264 further provides: "An action is commenced as to each defendant when the summons is served on him, or on a codefendant who is a joint contractor or otherwise united in interest with him. An attempt to commence an action is deemed equivalent to the commencement thereof, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided. * * * But such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days."

Although sections 762 and 763 of title 28 of the United States Code (28 USCA §§ 762, 763) did not provide for the service of a summons upon the United States District Attorney in a case of this kind, it is believed that the time of the service of a copy of the petition upon the United States District Attorney should determine the time when the action was commenced under the laws of South Dakota. Reid Wrecking Co. v. United States, supra; Creasy v. United States, supra. This service was made after the time for bringing his action had expired and therefore, the action of the trial court in dismissing the plaintiff's petition was right and the judgment will be affirmed.