# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-459**

THE TUNICA-BILOXI TRIBE OF LOUISIANA

VERSUS

JOHN BLALOCK, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2005-8606-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**MARC T. AMY**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Genovese, J., dissents and assigns written reasons.**

Ricky L. Sooter
Provosty, Sadler, deLaunay, Fiorenza & Sobel
Post Office Drawer 1791
Alexandria, LA   71309-1791
(318) 445-3631
COUNSEL FOR INTERVENOR/APPELLANT:
    Riverview Resort and Marina, LLC

Jeanne M. Laborde
The Laborde Law Firm, L. L. C.
Post Office Box 80098
Lafayette, LA   70598-0098
(337) 261-2617
COUNSEL FOR PLAINTIFF/APPELLEE:
    The Tunica-Biloxi Tribe of Louisiana

Cory P. Roy
Post Office Box 544
Marksville, LA   71351
(318) 240-7800
COUNSEL FOR DEFENDANTS/APPELLEES:
    John Blalock
    Barbara Boher Blalock

AMY, Judge.

The plaintiff tribe filed a possessory action in the Twelfth Judicial District Court, seeking tort damages for use and a determination as to the ownership of property in Avoyelles Parish. The trial court signed a stipulated judgment awarding possession of the disputed property to the Tribe. The damages issue remained pending. Subsequently, the appellant filed a petition of intervention, arguing that it acquired a portion of the disputed tract prior to the filing of the possessory action. The plaintiff filed an exception to the petition for intervention, asserting that the trial court lacked subject matter jurisdiction due to sovereign immunity. The trial court granted the exception. The intervenor appeals. We affirm.

## Factual and Procedural Background

The Tunica-Biloxi Tribe of Louisiana filed a possessory action in the Twelfth Judicial District Court against John and Barbara Blalock. The Tribe asserted that it acquired and possessed a certain tract of property in Avoyelles Parish by virtue of a 1997 donation inter vivos and that the defendants disturbed its possession by certain actions commencing in 2005. The activity complained of included the construction of a fence, the removal of soil, and the placement of culverts into a channel of the Red River in order to allegedly gain entry onto Tribal land. The Tribe sought damages and an order requiring the defendants to return the property to its former condition and prohibiting the defendants' entry onto the property. The Tribe prayed for a judgment "recognizing Plaintiff[']s right to the possession of the immovable property described above, and maintaining them in possession thereof[.]" The Tribe further prayed that, in the event that the defendants did not assert an adverse claim of ownership of the property in their answer, "that there be Judgment herein ordering the Defendants to assert any adverse claim of ownership of the said immovable in a

Petitory Action to be filed within a delay to be fixed by the Court[.]"

However, the trial court never reached consideration of the ownership question. At the hearing on the matter in December 2006, the parties entered into a stipulation, converting the matter to a petitory action. The Blalocks also confessed possession of the property to the Tribe. Thereafter, in July 2007, the trial court signed a resulting Stipulated Judgment entered into between the parties. In the judgment, the Blalocks confessed possession of the property to the Tribe, which was placed in legal possession of the disputed tract. However, the Blalocks asserted "a claim of ownership" as to one portion of the disputed property.[1] The Tribe's claim for damages, costs, attorney fees, and expert fees was reserved for the trial on the merits.

Afterwards, in April 2008, River View Resort and Marina, L.L.C. filed a Petition of Intervention asserting its right of possession of the portion of the disputed property the Blalocks claimed in the stipulated judgment. River View contended that it acquired the property by a September 6, 2005 Act of Exchange.[2] River View

_____

[1] That portion of the stipulated judgment provides:

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants, John Blalock and Barbara Bohrer Blalock assert a claim of ownership of a portion of the above described property more fully described as follows:

A certain tract or parcel land [sic] parcel of land together with all improvements thereon, situated in and forming a portion of Section 2, 3 and 4 Township 2 North, Range 3 East, formally [sic] lying North of the Red River, Avoyelles Parish, Louisiana, said tract containing 45.74 acres, more or less, and being more clearly shown on Plat of survey by Jessie P. Lachney, Registered Surveyor, dated November 8, 1983, a copy of said Plat attached hereto and made a part hereof for identification. The tract herein being n [sic] being [sic] bounded, now or formerly, as follows: Northeast by the centerline of the Old Red River Channel; South by Earl A. Aymond; and on the West by the New Red River Channel[.]

[2] The Petition of Intervention provides that:

Intervenor asserts that prior to the institution of the above captioned matter it acquired the property for which the Blalocks were ordered to assert ownership by an instrument entitled "Act of Exchange" dated September 6, 2005 and recorded September 7, 2005 at Conveyance Book 525, Page 713 under Instrument No. 2005-00006761 which described the following property to-wit:

2

alleged that it or its ancestors in title had corporeal or constructive possession of the subject property beginning in January 1969. It asserted that the trial court "should establish the boundary line between the lands owned by Intervenor and the land owned by the Tunica Biloxi Indians of Louisiana." The prayer of the petition of intervention asked for "judgment in favor of River View Resort & Marina, LLC recognizing it as legal owner of the property including accretion, Judgment establishing a boundary between the properties; and Judgment ordering the Tunica Biloxi Tribe of Louisiana to surrender possession of the property owned by the Intervenor." The Blalocks, answering the petition, admitted the allegations.

The Tribe filed an exception to the petition for intervention, which included exceptions of lack of personal and subject matter jurisdiction, lis pendens, improper cumulation of actions, and prescription. The Tribe also alleged that River View had no cause or right of action. After a hearing, the trial court granted the exception of lack of subject matter jurisdiction "[p]ursuant to the doctrine of sovereign immunity[.]" In reasons for ruling, it explained:

> A certain tract or parcel of land together with all improvements thereon, situated in and forming a portion of Sections 2, 3, and 4, Township 2 North, Range 3 East, formerly lying North of the Red River, Avoyelles Parish, Louisiana, said tract containing 45.74 acres, more or less, and being more clearly shown on that plat of survey by Jessie P. Lachney, Registered Surveyor, dated November 8, 1983, a copy of which is recorded at COB A-86, page 89, records of Avoyelles Parish, Louisiana. The tract herein being bounded, now or formerly, as follows: Northeast by the centerline of the Old Red River Channel; South by A. Earl Aymond; and on the West by the New Red River Channel.
>
> Being the same property acquired by John W. Blalock and Barbara Bohrer Blalock from Frank W. Campbell, et ux per Sale with Mortgage recorded in COB A-357, page 86, and in MOB 352, page 240, records of Avoyelles Parish, Louisiana.
>
> Rights as land owner to that certain 25 foot right of passage (predial servitude) granted to John and Barbara Blalock and their property in #96-3217 A of the 12th Judicial District Court in the matter entitled "John Blalock vs. Glenda Bourgeois Franklin, et al." and as described on the plat of Frank Willis attached to the judgment and recorded in the conveyance records of Avoyelles Parish at COB A-472, page 106 (See also judgment in the same suit rendered October 30, 2002, recorded in COB A-524, Page 793).

3

> [D]espite the fact that the Blalocks are the sole owners of River View Resort & Marina, L.L.C., River View is a separate legal entity and was not a party to prior actions which resulted in the Stipulated Judgment, signed in July 2007 (noted supra). The Tunica Tribe never waived sovereign immunity as to River View. The prior pleadings by the Tunica Tribe requested that **the Blalocks assert any claim of ownership.** The Tribe did not request that **any** legal entity or person assert ownership in these 12th JDC proceedings. There is no overt action by the Tunica Tribe which suggests that sovereign immunity is waived as to this defendant.
>
> It is well established that Indian tribes possess sovereign immunity from suit that existed at common law. <u>Rosebud Sioux Tribe v. A & P Steel, Inc.,</u> 874 F. 2d 550, 552 (8th Cir. 1989). The Tribe may waive this immunity. A waiver of sovereign immunity may not be implied, but must be unequivocally expressed by either the Tribe or Congress. Id. Tribes possess immunity because they are sovereigns predating the Constitution. Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories. <u>American Indian [Agric. Credit Consort., Inc.] v. Standing Rock Sioux Tribe</u>, 780 F. 2d 1374, 1378 (8th Cir. 1985). (Citations omitted.) Suits against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation.
>
> This tribal immunity extends to immunity from counterclaims and cross-claims. (<u>American Indian</u>, noted supra.)
>
> La. Code of Civ. Pro. Article 1091, 1036, provide that a petition for intervention may be filed in certain circumstances, but the court has jurisdiction over the incidental demand only if it has jurisdiction over the principal demand.
>
> Pursuant to the doctrine of sovereign immunity, the Exception to the Petition is granted.

The trial court found the remaining exceptions moot.

On appeal, River View asserts that the trial court "erred in sustaining the Exception of Lack of Subject Matter Jurisdiction by holding that the Tribe did not overtly consent to the Jurisdiction of the 12th Judicial District Court to determine ownership of the Disputed Property."

**Discussion**

River View contests the trial court's determination that the Tribe did not waive its immunity to suit in state court in light of its filing of suit against the Blalocks in the Twelfth Judicial District Court. It submits that the Tribe waived its immunity by submitting "the subject matter of possession and ownership" of the disputed property to the state court in the filing of the initial petition.

River View acknowledges the longstanding principle that Native American tribes possess sovereign immunity and are subject to suit only in the presence of Congressional authorization of the suit or waiver of immunity. *See Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700 (1998). It also acknowledges both that a tribe's waiver of its sovereign immunity must be clear and that a tribe is typically immune from counterclaims and cross-claims. *See C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 121 S.Ct. 1589 (2001); *U.S. v. U.S. Fid. & Guar., Co.*, 309 U.S. 506, 60 S.Ct. 653 (1940). However, River View contends that, in this case, the Tribe waived its sovereign immunity by operation of equitable recoupment[3], a concept River View asserts implies waiver of immunity for matters arising out of the same transaction or occurrence as a suit in which the tribe has, in fact, waived immunity. *Citing Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324 (10th Cir. 1982); *FDIC v. Hulsey*, 22 F.3d 1472 (10th Cir. 1994).

---

[3] Equitable Recoupment is defined in BLACK'S LAW DICTIONARY 373 (abridged 6th ed. 1991) as:

> Rule of the law which diminishes the right of a party invoking legal process to recover a debt, to the extent that he holds money or property of his debtor, to which he has no moral right, and it is ordinarily a defense remedy going only to mitigation of damages. This doctrine provides that, at least in some cases, a claim for a refund of taxes barred by a statute of limitations may nevertheless be recouped against a tax claim of the government.

The parties accurately frame the question of whether the Tribe possesses sovereign immunity as a jurisdictional question. *See Rupp v. Omaha Indian Tribe*, 45 F.3d 1241 (8th Cir. 1995), *citing Puyallup Tribe, Inc. v. Washington Game Dep't*, 433 U.S. 165, 97 S.Ct. 2616 (1977). We review the ruling on the Tribe's exception pursuant to the de novo standard of review. *Id.*

River View argues that the underlying subject matter of this case is the ownership of the property and, thus, the Tribe has waived sovereign immunity with regard to other parties claiming ownership of that property. In support of its argument, River View points to two federal cases, *Rupp*, 45 F.3d 1241 and *Wyandotte Nation v. City of Kansas City, Kansas*, 200 F.Supp.2d 1279 (D. Kansas. 2002), in which counterclaims were allowed to proceed against plaintiff tribes due to the application of equitable recoupment. River View contends this concept provides an avenue for its intervention.

In both *Rupp* and *Wyandotte*, however, the parties permitted to maintain counterclaims against the plaintiff tribes were defendants in the underlying matter. As is obvious by its petition of intervention, River View was not named by the Tribe as a defendant like the *Rupp* and *Wyandotte* parties. Rather, the Tribe named the Blalocks as the sole defendants in the underlying matter, initially for possessory damages in tort, and then for a determination as to ownership of the larger parcel of property originally at issue.

In *Rupp*, 45 F.3d 1241, a suit in which the plaintiff tribe originally filed suit against the defendants to quiet title in disputed land, the Eighth Circuit considered whether defendants could maintain a counterclaim despite the previous dismissal of

the plaintiff tribe as the result of the imposition of a discovery sanction. The court explained that:

> By initiating a lawsuit, the Tribe "waives immunity as to claims of the *defendant which assert matters in recoupment-arising out of the same transaction or occurrence which is the subject matter . . .* [the] suit." *Rosebud Sioux Tribe*, 874 F.2d at 552. The commencement of a lawsuit by itself does not, however, operate as a waiver of immunity with respect to compulsory counterclaims. *Oklahoma Tax Comm'n v. Potawatomi Indian Tribe*, 498 U.S. 505, 508-09, 111 S.Ct. 905, 909, 112 L.Ed.2d 112 (1991). *Oklahoma Tax Commission* held that a suit filed by the Potawatomi tribe to enjoin the state from collecting certain taxes did not waive the tribe's sovereign immunity with respect to a counterclaim to enforce the state's tax assessment and enjoin the tribe to collect state sales taxes in the future. *Id.* at 506-08, 111 S.Ct. at 908.

*Id.* at 1244 (emphasis added) (alteration in original). The Eighth Circuit remarked that the plaintiff tribe "did not merely file a quiet title action." *Id.* Rather, it asked the trial court "to order the *defendants* to assert any claims in the disputed lands they possessed against the Tribe[.]" *Id.* (Emphasis added.) Additionally, the Eighth Circuit pointed to specific language in the plaintiff tribe's prayer and explained that:

> This additional language explicitly requesting Rupp and Henderson to assert any "right, title, interest or estate" they may have in the disputed land is an unequivocal consent to any counterclaims asserted by Rupp and Henderson to quiet title and award damages in their respective names. Although waivers of soverein immunity cannot be implied and are to be strictly construed in favor of the Tribe, this test is satisfied by the Tribe's affirmative request that Rupp and Henderson assert their claims in the disputed land.

*Id.* at 1244-45. In light of these express actions, the Eighth Circuit found that the plaintiff tribe waived its sovereign immunity. It noted that "[b]y requesting equitable relief, the Tribe consented to the district court exercising its equitable discretion to resolve the status of the disputed lands." *Id.* at 1245. While the language regarding resolution of the status of the disputed land is seemingly applicable to this case, the opinion addresses a situation in which the claim of an unnamed party was not at issue.

7

In sum, the Eighth Circuit remarked that: "To hold that the district court could exercise its discretion to quiet title in favor of the plaintiff (the Tribe) but not the defendant (Rupp and Henderson) would be anomalous and contrary to the court's broad equitable powers." *Id.*

In this case, the language in the Tribe's original possessory action provided that:

> WHEREFORE, Plaintiff prays that the defendants be duly served with a copy of the petition and citation, and after all legal delays and due proceedings had, there be judgment in favor of Plaintiffs, THE TUNICA-BILOXI TRIBE OF LOUISIANA and Defendants JOHN W. BLALOCK AND BARBARA BOHRER BLALOCK recognizing Plaintiffs right to the possession of the immovable property described above, and maintaining them in possession thereof, and in the event that the *Defendants* do not assert an adverse claim of ownership of the immovable property in his answer hereto, that there be Judgment herein ordering the *Defendants* to assert any adverse claim of ownership of the said immovable in a Petitory Action to be filed within a delay to be fixed by the Court to not exceed sixty (60) days after the date the Judgment becomes executory, or be precluded thereafter from asserting the ownership thereof.

(Emphasis added.) No reference is made to other parties. Neither does the subsequent stipulated judgment reference other parties.

Another case advanced by River View, *Wyandotte*, 200 F.Supp.2d 1279, also involves the waiver of a plaintiff tribe's sovereign immunity in a quiet title suit filed against certain defendants. As in *Rupp*, the defendants seeking to maintain claims against the plaintiff tribe were named parties in the original suit. Furthermore, it reflects that equitable recoupment requires that the claim under review share a common nexus with the underlying claim. Citing *Frederick v. United States,* 386 F.2d 481 (5th Cir. 1967), the federal district court in *Wyandotte* explained that:

> Equitable recoupment is an exception to the doctrine of sovereign immunity which recognizes that by bringing a claim, a state or tribe *necessarily waives immunity for matters "arising out of the same transaction or occurrence" which is the subject matter of the suit, to the*

8

*extent the counterclaims do not seek relief "different in kind or nature"*
*or "exceeding the amount" of the relief sought by the state or tribe.*

*Id.* at 1285 (emphasis added). The federal district court relied on *Rupp* in finding that the defendants could maintain a counterclaim to quiet title against the plaintiff tribe as "the tribe's action in filing a quiet title suit necessarily places before the court the issue of whether plaintiff or defendants hold title to the land." *Id.* However, it determined that those defendants could not maintain a counterclaim for reimbursement of improvements made to the subject land. *Id.* It concluded that, although the reimbursement claim arose out of the same transaction or occurrence as the quiet title claim, "it clearly [was] 'different in kind and nature' from the quiet title and trespass claims brought by the tribe" and that it "'exceed[ed] the amount of relief' sought by the tribe." *Id.* at 1286, *quoting Jicarilla*, 687 F.2d at 1345.

In addition to River View not being a named defendant, *Wyandotte* and *Jicarilla's* consideration of the nature and scope of the relief sought is pertinent to this case as well. The Tribe filed its initial possessory action against the Blalocks seeking damages and requesting the filing of any adverse ownership claim by the Blalocks over a larger parcel of property. Notably, River View is absent both from this petition and from the subsequent stipulated judgment in which the Blalocks asserted an ownership interest in the portion of the disputed property now claimed by River View. In addition to asserting its own ownership interest via the petition of intervention, Riverview seeks a judgment establishing a boundary between the larger parcel now in possession by the Tribe and the parcel claimed by the Blalocks and, now, River View. It also seeks a "Judgment ordering the Tunica Biloxi Tribe of Louisiana to surrender possession of the property owned by the Intervenor."

9

To find that the Tribe waived its sovereign immunity against River View in light of its prayer for damages and a determination as to ownership interest of the property against the Blalocks would require a determination of implied waiver. However, a waiver of sovereign immunity cannot be implied, but must be express. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670 (1978); *Price v. United States*, 174 U.S. 373, 19 S.Ct. 765 (1899). *See also Bonnette v. Tunica-Biloxi Indians*, 02-919 (La.App. 3 Cir. 5/28/03), 873 So.2d 1. In this case, the Tribe has not expressly waived its sovereign immunity to suit over this subject matter by this third party.

We find no error in the trial court's maintaining of the exception of subject matter jurisdiction.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant, River View Resort & Marina, LLC.

**AFFIRMED.**

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 09-459

THE TUNICA-BILOXI TRIBE OF LOUISIANA

VERSUS

JOHN BLALOCK, ET AL.

**GENOVESE, J., dissents and assigns the following reasons.**

I find that the doctrine of equitable recoupment applies in this case. When the tribe filed suit in state court in this matter, unquestionably, the object of its demand was the possession and ownership, vel non, of the disputed property. When that claim was brought in state court by the tribe, it waived immunity on the issues of possession and ownership. The doctrine of equitable recoupment is an exception to the doctrine of sovereign immunity. Thus, by the tribe bringing a claim in state court over disputed property rights, it waived immunity for matters "arising out of the same transaction or occurrence." The contested issues of possession and ownership are part and parcel of the tribe's disputed property claim and arise out of the same transaction or occurrence regarding same. As a result thereby, tribal immunity was waived.

I would reverse the trial court and deny the tribe's exception of lack of subject matter jurisdiction and remand the matter to state court for further proceedings.