## GRIFFIN v. UNITED STATES.
### No. 4727.

Circuit Court of Appeals, Seventh Circuit.
June 25, 1932.

Rehearing Denied Oct. 3, 1932.

Charles S. Andrus and Lawrence Hoff, both of Springfield, Ill., and Edward H. S. Martin, of Chicago, Ill., for appellant.

Frank K. Lemon, U. S. Atty., and James P. Dillie, Asst. U. S. Atty., both of Springfield, Ill., William Wolff Smith, Sp. Counsel, Veterans' Administration, and Lawrence A. Lawlor, Attorney, Veterans' Administration, both of Washington, D. C.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This action was brought to recover total permanent disability installments under appellant's two war risk insurance contracts. The government filed a plea to the petition, in which it is alleged that when the suit was instituted appellant's claim under said policies was, and still is, pending in the United States Veterans' Bureau, without ever having been denied by the director thereof or by any one acting in his name or on an appeal to the director, and for that reason there has never been any disagreement between the Bureau and appellant with relation to the claim as contemplated by section 19 of the World War Veterans' Act of 1924, c. 320, 43 Stat. 612, as amended July 3, 1930, section 4, c. 849, 46 Stat. 992 (38 USCA § 445).

That part of section 19 which is pertinent to the questions presented is as follows: "In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the * * * district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * * The term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended, or this chapter [the World War Veterans' Act, 1924, as amended]."

To appellee's plea to the petition appellant replied that his claim was mailed to the Bureau on September 10, 1930; that on October 17, 1930, the Bureau notified him that its Rating Board had denied the claim on October 13; that on October 21, 1930, he appealed in writing to the Central Board of Appeals, and on the following day the Bureau notified him that the file in his claim would be forwarded on appeal; that on December 18, 1930, he was notified by the Bureau that the Central Board had decided adversely to his claim; that on December 23, 1930, he appealed to the Council on Appeals and to the director of the Bureau and requested that, in case of an adverse decision, the matter be forwarded to the Administrator of Veterans' Affairs for his ultimate decision; that on January 17, 1931, appellant was notified by the Bureau that the file was being forwarded to the Council on Appeals; that on February 11, 1931, he sent to said administrator a written demand for a final decision on the claim, and notified the administrator that if appellant did not receive notice of final action on his claim within sixty days from February 11, 1931, he would institute suit. Copies of this demand were sent to the regional office and to the director of the Bureau. There was no subsequent action by the government or any of its agencies on appellant's claim, and this action was instituted on June 1, 1931.

To appellant's replication the government filed a demurrer and it was sustained.

The statute referred to is quite plain to the effect that no action shall be instituted upon the claim until there has been a disagreement between the Bureau and claimant respecting its allowance. The statute is also quite clear that the word " 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director." We do not understand that appellant controverts the meaning of the statute in this respect. His contention is that arbitrary power is not thereby granted the director to defeat a claim by inactivity, but that continued inactivity on director's part for more than a reasonable time will be construed by the courts to amount to a denial.

We do not wish to be considered as either conceding or denying the soundness of appellant's contention, but, if it be sound, it must be by virtue of the fact that director's failure to act was for a longer time than was reasonably necessary under the circumstances. We think the replication is deficient in this respect, and that the demurrer was properly sustained. Appellant's conclusion that the delay was unreasonable is based entirely upon the several dates of the different actions upon his claim by the various departments of the Bureau. This we think is not sufficient. Being charged with general knowledge of the magnitude of that department, and the enormous and continually increasing number of claims before it, we are unable to say, without other factual enlightenment, that sixty days is a reasonable time within which the director and those acting under him shall dispose of all appeals presented to him. Indeed, the facts involved in this class of cases are usually so radically different that it would be impossible to fix a limit that would be just to claimants or to the department.

Upon appellant's failure to plead over and his election to stand on his replication, judgment was entered in favor of appellee on its plea "in bar of this action."

Perhaps this judgment was not intended to preclude appellant from prosecuting his original claim, and certainly he is entitled to that right. This action, however, seeks judgment on his original claim, and, as a matter of precaution, the ruling of the District Court in sustaining the demurrer to the replication and rendering judgment for appellee is affirmed, with the exception of that part of the judgment which states that it shall be in bar of this action. The cause is remanded, with instructions to delete the words "in bar of this action," and to insert in lieu thereof a provision that the judgment shall not preclude appellant from further prosecution of his original claim.