## GINOCHIO v. UNITED STATES.
### No. 38978.

District Court, N. D. Illinois, E. D.
July 18, 1934.

Edward H. S. Martin, of Chicago, Ill., for plaintiff.

Dwight H. Green, U. S. Dist. Atty., and Francis Kennedy, Asst. U. S. Dist. Atty., both of Chicago, Ill., for defendant.

WOODWARD, District Judge.

By this proceeding plaintiff seeks to present to this court, and later to the Court of Appeals in case of an adverse ruling by this court, the single question as to whether or not an unreasonable delay in the administrative adjudication of a war risk insurance claim constitutes "a denial of the claim by the director or some one acting in his name on an appeal to the director," so as to give this court jurisdiction.

The sole issue raised by the record is that of jurisdiction. The plaintiff contends that the facts show that a "disagreement" exists, while the defendant denies this contention. The facts are stipulated and may be summarized as follows:

Plaintiff filed claim for insurance on May 27, 1929, and receipt thereof was immediately acknowledged by the Veterans' Bureau. Claim was rejected or denied by the Rating Board June 17, 1929, and a letter dated June 22, 1929, addressed to the plaintiff, gave notice of said denial. From this denial plaintiff appealed on July 2, 1929, and thereafter, on July 8, 1929, he was informed by letter that the files had been forwarded to the central office in compliance with his request for an appeal. The Board of Insurance Claims at the central office rendered a decision adverse to claimant on September 24, 1929, and he was notified thereof by letter on September 27, 1929. Plaintiff appealed from that deci-

sion October 2, 1929, and on October 10, 1929, plaintiff insisted by letter that he wanted his insurance appeal matter attended to first. On February 10, 1930, the brother of the plaintiff wrote the Veterans' Bureau asking that the matter be given attention. On February 19, 1930, the Bureau answered the brother's letter by referring to the letter of September 27, 1929, advising of the decision of the Board of Insurance Claims, and no other formal or informal action was taken by the Bureau, and thereafter, on August 22, 1930, the instant suit was filed by the plaintiff, apparently on the theory that there had been an unreasonable delay in rendering the final decision, which unreasonable delay would in itself, on the plaintiff's theory of the cause, amount to a denial of the claim sufficient to constitute a jurisdictional disagreement.

It was further stipulated that Joseph O. McKiernan, an attorney at law having a wide experience in the insurance business, in settling and adjusting claims, both as an attorney and an adjuster, would testify, in substance, that, other than exceptional cases, "the average time taken by private insurance companies to pass upon such claims and either allow or refuse to allow them has been thirty days from the time of receiving the claim and that they have always allowed or rejected such claims within sixty days from the time of receiving the claim."

Before the court can hold that an unreasonable delay in the adjudication of claims constitutes a disagreement, it must first find, in any particular case, from the facts adduced, that an unreasonable delay actually has occurred.

What constitutes unreasonable delay? There is no statutory standard to which to appeal. Does mere lapse of time from the time of filing the claim to the time of bringing suit constitute unreasonable delay? If so, what time must elapse—must it be thirty days, sixty days, six months, one year, fifteen months, as in the present case, or two years or longer? If the courts must determine from mere lapse of time—and that is all we have in this case—what constitutes unreasonable delay, then the result will be that there will be as many rulings on this question as there are District Judges or Courts of Appeal. The Veterans' Bureau would be thrown into inextricable confusion.

It seems to the court that this case is ruled by the case of Griffin v. United States (C. C. A.) 60 F.(2d) 339, 340. There the elapsed time was sixty days; here it is fifteen months. In that case the court said: "Ap-

pellant's conclusion that the delay was unreasonable is based entirely upon the several dates of the different actions upon his claim by the various departments of the Bureau. This we think is not sufficient. Being charged with general knowledge of the magnitude of that department, and the enormous and continually increasing number of claims before it, we are unable to say, without other factual enlightenment, that sixty days is a reasonable time within which the director and those acting under him shall dispose of all appeals presented to him. Indeed, the facts involved in this class of cases are usually so radically different that it would be impossible to fix a limit that would be just to claimants or to the department."

In the last-quoted sentence the court recognizes the insuperable obstacle that confronts a court when called upon to decide what constitutes an unreasonable delay.

"Without other factual enlightenment" the court cannot say, as a matter of law, that a delay of fifteen months is an unreasonable delay.

The court finds that it is without jurisdiction of this case.