## GINOCHIO v. UNITED STATES.
### No. 5284.

Circuit Court of Appeals, Seventh Circuit.

Oct. 11, 1934.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., and Edmond Sullivan, Asst. U. S. Atty., both of Chicago, Ill., Will G. Beardslee, Director, Bureau of War Risk Litigation, Richard A. Toomey, Atty., Department of Justice, and Randolph C. Shaw, all of Washington, D. C., for the United States.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

SPARKS, Circuit Judge.

This action presents a claim for total and permanent disability benefits under a contract of war risk term insurance. By written stipulation a jury was waived and the cause was submitted on the question of jurisdiction alone. On appellee's motion the court struck out all the evidence and dismissed the suit for lack of jurisdiction. From that judgment this appeal is prosecuted.

Appellant was honorably discharged from military service in the United States army on May 16, 1919. While he was in the service a policy of war risk insurance was issued to him and it was in force at the time of his discharge. He claims total and permanent disability from the date of his discharge.

Appellant's claim was filed with the Veterans' Bureau on May 27, 1929, and it was denied by a rating board on June 17, 1929, of which appellant had notice by letter on June 22, 1929. He appealed from that ruling on July 2, 1929, and was notified by the Regional Adjudication Officer on July 8,

1929, that the case had been forwarded to the Central Office for consideration. On September 24, 1929, that office ruled adversely to appellant's claim, of which ruling appellant had notice by letter on September 27, 1929, and he appealed from that ruling on October 2, 1929. On October 8, 1929, the Veterans' Bureau, by its Regional Adjudication Officer, acknowledged the receipt of two letters from appellant dated October 2, 1929, one of which requested an appeal for a permanent and total rating from the date of discharge for insurance purposes, and the other, a retroactive rating for an additional allowance for a nurse or attendant. The Bureau requested that appellant state which appeal he desired to take first, inasmuch as one would lie to the Central Board, and the other to the Director. Appellant replied on October 10, 1929, that he desired to have his insurance appeal to the Director attended to first. On February 10, 1930, appellant's brother wrote to the Director, asking that the matter be given attention. In reply, on February 19, 1930, the Chief of the Awards Division referred to his letter of September 27, 1929, in which it was stated that the evidence of record was not sufficient to warrant an allowance of the claim, and that it could not be paid, and that it was being returned to the Regional Office of Chicago for such further reference as the claim might require.

The present suit was instituted August 22, 1930, and it is based on the theory that there was such an unreasonable delay in rendering final decision as to amount to a denial of the claim, thereby constituting a disagreement within the purview of the statute. Appellant does not claim that there was an affirmative denial of his claim by the Director or by some one acting in his name on an appeal to the Director.

The District Court in its memorandum opinion found that it was without jurisdiction under the holding in Griffin v. United States (C. C. A.) 60 F.(2d) 339, because it could not say without further factual enlightenment that the delay was unreasonable. The judgment is that "the defendant's motion, at the close of all the evidence, to strike out all the evidence and find for the defendant be and the same is hereby sustained * * * and the Court finds that it is without jurisdiction of this cause * * *. It is ordered that this suit be and the same is hereby dismissed for want of jurisdiction, without prejudice and without costs, however, to the plaintiff from further prosecution of his original claim * * *."

Authority to sue the Government in this class of cases is found in section 19 of the World War Veterans' Act of 1924, as amended (38 USCA § 445):

"In the event of disagreement as to claim, including claim for refund of premiums, under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies."

By the Amendatory Act of July 3, 1930, Congress added the following provision:

"* * * the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director. This section, as amended, with the exception of this paragraph, shall apply to all suits now pending against the United States under the provisions of the War Risk Insurance Act, as amended. * * *" 38 USCA § 445.

The only question presented is whether a disagreement as contemplated by the statute can arise by mere inaction of the Director on an appeal to him. There was slight evidence introduced in this case bearing on the question of unreasonableness of the delay of the Director, and the memorandum opinion indicated that the court based its conclusions on the fact that unreasonableness of delay was not established. Since, however, the court, on motion of the Government, struck all the evidence from the record, we conclude that the court intended to and did hold that no amount of delay on the part of the Director is sufficient to constitute a disagreement as contemplated by the statute, for if the court erred in this conclusion there was clear error in striking the evidence from the record.

We think, however, that the court was not in error in its conclusion. The United States can only be sued by its consent, and that consent may be withdrawn by statute at any time. Lynch v. United States, 292 U. S. 571, 54 S. Ct. 840, 78 L. Ed. 1434. If the statute authorizing jurisdiction in such cases may be withdrawn, certainly it can be modified and limited. See Finn v. United States, 123 U. S. 227, 8 S. Ct. 82, 31 L. Ed. 128. The statute can not be enlarged by implication. Regardless of what may seem to this court equitable, or what we may deem should have been enacted by Congress, we

can not go beyond the language of the statute. Price v. United States, 174 U. S. 373, 19 S. Ct. 765, 43 L. Ed. 1011.

The purpose of the amendment of July 3, 1930, was stated at the time of its passage in the report of the Senate Finance Committee as follows: "A paragraph is added to define the meaning of the term 'claim' and the term 'disagreement' as used therein. It has for its purpose the establishment of a definite rule that before suit is brought a claimant must make a claim for insurance and prosecute his case on appeal through the appellate agencies of the bureau before he shall have the right to enter suit. Your committee felt that in view of the fact that the government has set up in the bureau expensive machinery for hearing claims it was unfair for a veteran to disregard this machinery on the basis of the disallowance of his claim by some subordinate board and enter suit." (Calendar No. 1165; Report No. 1128; 71st Congress, Second Session.)

We think there can be no doubt that Congress intended that the disagreement referred to in the statute contemplated an affirmative act on the part of the Director, or some one acting in his name on an appeal to the Director, and did not contemplate an implied disagreement based upon the Director's inaction. We do not wish to be understood as holding that the delay in this case was unreasonable.

Judgment affirmed.