**ROSS v. UNITED STATES.**

No. 5407.

Circuit Court of Appeals, Seventh Circuit.

May 1, 1935.

George Holloway Webb, of Springfield, Ill., for appellant.

Frank K. Lemon, U. S. Atty., and James P. Dillie, Asst. U. S. Atty., both of Springfield, Ill., Will G. Beardslee, Director Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Randolph C. Shaw, Sp. Assts. to the Atty. Gen., for the United States.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

SPARKS, Circuit Judge.

This action was instituted to recover total, permanent disability benefits under a war risk insurance contract. The suit was filed July 2, 1931, in forma pauperis, alleging that total disability arose while appellant was in the military service and before his discharge on May 20, 1919, that the demand had been made on June 2, 1919, and that a disagreement existed as to the claim asserted. The general issue was pleaded and at the conclusion of appellant's evidence appellee's motion for a directed verdict was sustained on the ground that no disagreement had been shown under section 19 of the World War Veterans' Act 1924, as amended by Act July 3, 1930, § 4 (38 USCA § 445). Judgment was rendered for appellee on October 18, 1933, and from that ruling this appeal was prayed and allowed on January 11, 1934. Appellant did not appear at the presentation of his case in this court, either in person or by attorney.

Appellant testified that on his discharge he filed with the department a form "Application of Person Disabled in and Discharged from Service" on March 28, 1919, which he considered an application for insurance

benefits. Appellant never received any communication respecting his insurance and was never paid any insurance benefits.

Two questions are presented here: First, was an application for benefits on account of permanent disability under a war risk insurance contract ever filed by appellant, and, if so, second, was there a disagreement sufficient to meet the jurisdictional requirements under amended section 19, supra? The first question we think must be answered in the negative. Appellant admits that no special claim for war risk insurance benefits was made by him. He contends that the application which he filed must be presumed to have had the effect of a claim for insurance because certain questions therein elicited information regarding war risk insurance. His answer to question 11 negatives this contention. That question specifically inquired as to the nature and extent of the disability claimed, and his answer thereto was "10% Harsh, high pitched breathing." A reading of his application convinces us that there is nothing in it which would in any way notify those receiving it that the appellant was presenting any claim for the benefits of his term insurance. Stender v. United States (C. C. A.) 75 F. (2d) 579. Having failed to establish that a proper claim was filed, appellant cannot contend that there was ever existing the requisite jurisdictional disagreement. United States v. Densmore (C. C. A.) 58 F.(2d) 748.

If, however, it be considered that the petition was sufficient as a claim for war risk insurance, it is clear that there was no disagreement within the meaning of section 19, supra. Ginochio v. United States (C. C. A.) 74 F.(2d) 42.

Judgment affirmed.