**KEMP et al. v. UNITED STATES.**

No. 5408.

Circuit Court of Appeals, Seventh Circuit.

May 1, 1935.

George Holloway Webb, of Springfield, Ill., for appellants.

Frank K. Lemon, U. S. Atty., and James P. Dillie, Asst. U. S. Atty., both of Springfield, Ill., Will G. Beardslee, Director Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Randolph C. Shaw, Sp. Assts. to the Atty. Gen., for the United States.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

SPARKS, Circuit Judge.

This action was instituted by appellants, the widow and son of Henry W. Kemp, on February 23, 1932, to recover total permanent disability benefits on a war risk insurance policy issued to decedent during his service in the United States Army. The government pleaded the general issue, and also a special plea to the effect that the suit was not timely instituted as required by section 19 of the World War Veterans' Act

1924, as amended July 3, 1930, § 4, 38 USCA § 445. A demurrer to the special plea was overruled, whereupon, a jury having been waived, the cause was submitted to the court upon stipulated facts. Appellee's motion to dismiss the action was sustained for lack of jurisdiction, and judgment was accordingly entered for appellee on October 12, 1933. From that ruling this appeal was prayed and allowed on January 11, 1934, and permission was granted to prosecute the appeal in forma pauperis. At the presentation in this court neither of the appellants was present, either in person or by attorney.

The undisputed facts are as follows: War risk term insurance in the sum of $10,-000 was issued to Henry W. Kemp during his military service, which terminated with his discharge on January 7, 1920. He died April 12, 1931, and four days thereafter, his widow, Lillian E. Kemp, addressed a letter to the Veterans' Bureau, claiming that her husband had become permanently and totally disabled prior to his discharge. Before any reply to this claim was received by her, she filed suit thereon on July 2, 1931. By letter dated October 31, 1931, and received by her on November 2, 1931, she was notified that her claim had been denied by the director. On February 23, 1932, she dismissed her suit, and on the same day filed the declaration which is the basis of this action. It is therein alleged that the widow and infant son are beneficiaries under the policy, but recovery was specifically prayed only for the disability benefits alleged to have accrued to the insured during his lifetime.

It does not appear that the insured ever took any action to claim insurance before his death, unless a form filed by him on March 9, 1920, referred to as Form 526 may be so regarded.

The question presented is whether appellants' suit was instituted within the time limited by section 19, supra. The determination of this question requires consideration of three contentions urged by appellants. Two of those contentions are based upon the assumptions that the Form 526, filed by decedent on March 9, 1920, constituted a claim for insurance which was either pending without actual denial thereof when the amended act of July 3, 1930, took effect, or that denial prior thereto is to be presumed from nonaction on the claim. The assumptions are erroneous. A perusal of Form 526 and decedent's answers thereto is quite convincing that they did not constitute an application for insurance benefits, but were a claim for compensation only, and were so intended by decedent. Assuming, however, that they did constitute a claim for insurance, there was not present the required disagreement contemplated under section 19, supra. Ginochio v. United States (C. C. A.) 74 F.(2d) 42. The facts in this respect are quite similar to those in Ross v. United States, 77 F.(2d) 212, decided this day by this court.

Appellants' remaining contention is that the first suit, having been voluntarily dismissed, is to be considered as having failed for a reason not affecting the merits, and that under section 19, supra, they were entitled to an additional year in which to reinstate the action.

There is no merit in this contention, for the statute of limitations, as applied to the facts here, was not suspended by the act of 1930, because no claim for insurance was then pending. Stender v. United States (C. C. A.) 75 F.(2d) 579; Ginochio v. United States (C. C. A.) 74 F.(2d) 42. Nor was the statute tolled by the first suit, because it was voluntarily dismissed. Richards v. Maryland Insurance Co., 8 Cranch, 84, 3 L. Ed. 496; Koch v. Sheppard, 223 Ill. 172, 79 N. E. 52. This was not a failure "for defect in process" or for any other reason "not affecting the merits." Siegfried v. New York, L. E. & W. R. Co., 50 Ohio St. 294, 34 N. E. 331.

Statutes dealing with the relaxation of sovereign immunity from suit are to be strictly construed. United States v. Michel, 282 U. S. 656, 51 S. Ct. 284, 75 L. Ed. 598; Eastern Transportation Co. v. United States, 272 U. S. 675, 47 S. Ct. 289, 71 L. Ed. 472; Price v. United States, 174 U. S. 373, 19 S. Ct. 765, 43 L. Ed. 1011; Schillinger v. United States, 155 U. S. 163, 15 S. Ct. 85, 39 L. Ed. 108.

Judgment affirmed.