### REYNOLDS v. UNITED STATES.
### No. 2202.

District Court, N. D. Oklahoma.

March 18, 1937.

Benjamin E. Cook, of Ponca City, Okl., and L. L. Roberts, of Vinita, Okl., for plaintiff.

C. E. Bailey, U. S. Dist. Atty., and Chester A. Brewer, Asst. U. S. Dist. Atty., both of Tulsa, Okl., and Daniel Dillon, of Oklahoma City, Okl., Atty., Department of Justice, for the United States.

FRANKLIN E. KENNAMER, District Judge.

This suit was filed on the 8th day of July, 1935, for the recovery upon a policy of insurance purchased while the deceased was in military service. The action was voluntarily dismissed by the plaintiff on September 30, 1935, by the filing of a written motion therefor. On September 8, 1936, upon application and motion therefor, the original action was reinstated. The defendant consented to the entry of the order of reinstatement, but now challenges the legality of such order.

An order was entered in the cause in which it was found that the action had been dismissed, without prejudice, solely on the ground that the statute of limitations had run against the cause of action, under the former rules and holdings in such matters, and, further, that under the recent act of Congress (hereafter considered) the time had been extended and authority granted for the reinstatement of such cases. An order nunc pro tunc was likewise entered, by which the order of dismissal was corrected to specifically show that the dismissal, without prejudice, was entered solely because of the statute of limitations having run in such cases.

Evidence was presented that the deceased returned to his home from military service in a sickened condition, being emaciated, and coughing considerably; that he was unable to work because of his weakness, shortness of breath, and coughing spells. It was established that the deceased was a good worker before going to the army, but that upon his return therefrom he was not physically able to work, and did not do so. The deceased was examined in February, 1919, by a doctor who diagnosed his condition at that time as active pulmonary tuberculosis. The deceased, at that time, was suffering from a hemorrhage. The evidence established that the deceased was permanently disabled prior to the time the insurance elapsed. The evidence of the inability of the deceased to work after he returned from the army, coupled with medical testimony, is sufficient to establish such facts. See United States v. Hannan (C.C.A.) 85 (2d) 341; United States v. Bodge (C.C.A.) 85 F.(2d) 433.

The questions most seriously urged by the government, were: First, the impropriety of entering the nunc pro tunc order, correcting the order of dismissal; and, secondly, the reinstatement of the case subsequent to the voluntary dismissal without prejudice.

The basis for the reinstatement of the case is the Act of Congress of June 29, 1936, which provides the following: Section 404 of Title IV (38 U.S.C.A. § 445d). "In addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit. This Act [section] is made effective as of July 3, 1930, and shall apply to all suits now pending [on June 29, 1936], against the United States under the provisions of section 19, World War Veterans' Act, 1924, as amended [section 445 of this title]; and any suit which has been dismissed solely on the ground that the period for filing suit has elapsed but where in the extension of the period for filing suit as prescribed herein would have permitted such suit to have been heard and determined may be reinstated within ninety days from the date of the enactment of this Act [June 29, 1936]: Provided, That on and after the date of enactment of this Act [June 29, 1936], notice of denial of the claim under a contract of insurance by the Administrator of Veterans' Affairs or someone acting in his name shall be by registered mail directed to the claimant's last address of record: Provided further, That the term 'denial of the claim' means the denial of the claim after consideration of its merits."

It is to be noted that the above provision relates to any suit which has been

dismissed solely on the ground that the period for filing suit has elapsed, but where, in the extension of the period for filing suit as prescribed in the act, would have permitted such suit to have been heard and determined, such suit may be reinstated within ninety days from the date of the enactment of the act. It should be observed that the above act does not limit the dismissal to court action upon trial, but provides that any suit which has been dismissed solely on the ground therein specified, may be reinstated. It is the contention of the defendant in this action that the only dismissal contemplated by the congressional act is where such a case has come on for trial and has been dismissed by the trial court after a showing has been made that the period for filing the suit had elapsed. Such a construction is too narrow and is not in conformity with the thoughts and purposes of the author of the bill, as shown by his statement at a hearing before a sub-committee of the Committee on Finance of the United States Senate. [1]

---

[1] Honorable Hugo L. Black, United States Senator from the state of Alabama, who introduced the bill, stated:

"The bill itself is very short and simple. During the war a large number of veterans took out insurance policies, and I helped to get the veterans to take those insurance policies while I was in the training camp. Not only were they invited to take the insurance policies, but in the camp I went to they were practically required to take the insurance policies. I know, because I was sent out by the commanding officer for the purpose of inviting them, urging them, and insisting if they did not take the policies they must report to their captain. So far as I recall there was only one man who declined to take a policy. I recall very vividly that shortly thereafter he visited the officers.

"That policy provided that in case of total permanent disability no further premium should be due and that the policy would immediately mature, and the Government should pay it.

"A large number of veterans contracted tuberculosis and other diseases, and the result was they were entitled to recover under the terms of that policy from the very moment they became totally and permanently disabled.

"Many of them did not know that to be the case, and later a law was passed which gave a certain length of time to file these claims and as the law is construed, it requires suit to be filed now by a resolution adopted by the Bureau within the length of time that it would take a letter to go from Washington to the home of the veteran after his claim is denied.

"As a result of that my office has been endeavoring to ascertain each time a policy is denied, so that we could wire the veteran, because otherwise we knew he would not receive the information, and would not have an opportunity to file the suit. A large number of veterans have been deprived of having their case tried in court because of a plea, not to the mer-

its, as a decent, respectable insurance company would file under like circumstances, but on the ground that the veteran failed to file his suit within 1 or 2 days or 3 days after the claim was denied in Washington.

"My object in this bill was to give a reasonable length of time after a claim was denied for the veteran to file his suit, in order that his case might be tried on the merits. It went a little further and provided that where cases had been dismissed solely on this technical defense, which, I might add parenthetically, the courts of the Nation have uniformly criticized whenever any insurance company raises it, but this provided if they have been dismissed solely on that technical ground, the case shall be reinstated and they shall have the right to try the case on the merit.

"So that the long and short of it is, all I am asking is that the veterans who have paid for their insurance policies, who can prove in court they were totally and permanently disabled and therefore the Government owes them the money, they shall have the right to have every one of those claims filed and tried by a jury.

"I notice, in a report, the Bureau arbitrarily says all of them have had their money that are entitled to it, but the law never did authorize the Veterans' Bureau to arbitrarily set itself up and say that there is not a single one pending of all of these, where they should recover.

"They have permitted others to file their suit and have tried them on the merits, and I take the position these veterans have paid for these policies; and if there is one single veteran who has paid for a policy and who is entitled to recover and could recover in court, this bill should be passed, rather than have him shut off on account of an iniquitous technical defense.

"There is not a court in the land, in my judgment, that would permit a private insurance company to raise such a ques-

To narrowly construe the act would be to defeat its object in many· meritorious cases. A litigant should not be penalized for a voluntary dismissal of his suit, where it is obvious to his counsel that the period for filing of the suit had elapsed. A recognition of governing legal principles in lawsuits, and action by litigants in accord therewith, is to be commended; efforts to present cases contrary to laws, when known to litigants, should be severely criticized. Knowledge that a case was barred as' not having been filed within the period prescribed under existing rules, and a subsequent voluntary dismissal by reason thereof, should not prejudice a litigant, who could have presented the case and wasted the time of a court, with a resultant dismissal. The congressional act certainly did not contemplate a penalty for a voluntary dismissal, and the act itself contains no language which would indicate that the dismissal contemplated was limited to action of court. The deciding question under the act is the determination of whether the suit was dismissed solely on the ground that the period for the filing of it had elapsed under then existing rules. In the instant case evidence was presented, and it was established conclusively, without contradiction, that the action was dismissed by the attorneys for the plaintiff solely on the ground that the period for filing the suit had elapsed under the then existing rules. Upon such showing, and that fact having been determined, the order of reinstatement was entered herein.

▆▆▆ It is insisted that this court improperly entered the order nunc pro tunc. At the outset, it should be observed that the order nunc pro tunc is unnecessary for the reinstatement of the case. The only thing essential for jurisdiction to reinstate the case was the finding of the fact that the case had previously been dismissed, solely on the ground that the period for filing it had elapsed under. the then existing rules. However, there is no question as to the power of a court to enter an order nunc pro tunc. See Gagnon v. United States, 193 U.S. 451, 24 S.Ct. 510, 48 L.Ed. 745; Wight v. Nicholson, 134 U.S. 136, 10 S. Ct. 487, 33 L.Ed. 865; Board of Commissioners v. Morely, (C.C.A.) 6 F.(2d) 553. The purpose of an order nunc pro tunc is to amend the records, to correct mistakes of the clerk or other officer of the court, inadvertences of counsel, or to settle defects or omissions in the record, even after the lapse of the term. In the instant case the order of dismissal did not contain the reason therefor. The order nunc pro tunc merely settled an omission in the record, a power which is inherent in this court.

No decided case has been presented involving the construction of the congressional act of June 29, 1936, above set forth. An order entered in the United States District Court for the Western District of Tennessee has been drawn to my attention, but- the order in the case referred to is not contrary to the observations made herein. The trial court in the case of Thomas D. Foil, Administrator, v. United States of America,[2] decided in the United·States District Court for the Western District of Tennessee, merely found the fact to be that the action was not dismissed solely on account of the statute of limitations. It should be noted in the instant case that after the action had been instituted, the defendant had interposed its answer and had pleaded the statute of limitations as a defense. Thereafter, the action was voluntarily dismissed without prejudice.

▆▆▆ The government cited the case of Kemp v. United States (C.C.A.) 77 F.(2d) 213, in support of its motion. The cited case is not applicable to the instant case. A special statute is under consideration herein; not the acts involved in case supra. The purpose of this act is to relieve against the existing limitations in such cases. The Kemp Case announces the rule that statutes dealing with the relaxation of sovereign immunity from suit are to be strictly construed. Such a rule is sound and well ·supported by authorities, but constructions of statutes must be reasonable, and must give effect to the objects and purposes of the legislation; they must not, under the guise of strict construction, substitute the thought of the court for that of the Legislature. To construe the

---

tion. Further, I am glad to say, the private insurance companies have long· ago found out they cannot set up such a technical defense, because the courts have prevented it.

"I object to having the Government of the United States placed in an attitude of defending suits filed by veterans who served in war on the ground of technicality, and that, in my judgment, is contrary to public honesty and decency."

[2] No opinion for publication.

acts as contended by the government, is to read into the act a limitation which the Legislature did not see fit to include. Such contention must therefore be rejected.

Defendant's motion for new trial should be overruled.